UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-712-FDW

| | |
|---|---|
| SIDNEY NOEL HOFFMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>RANDALL LEE, )<br>)<br>)<br>Respondent. )<br>)  | **ORDER** |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 5), as to Petitioner's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.

**I.   BACKGROUND**

Petitioner is a North Carolina state prisoner who, on December 5, 2012, in Gaston County Superior Court, pled guilty to robbery with a dangerous weapon and was sentenced to 100-129 months of imprisonment, in case 11 CRS 55377. See (Doc. Nos. 6-2; 6-3; 6-4). Petitioner was represented by Robert H. Lutz and did not appeal. At the time of the Gaston County robbery conviction that he challenges here, Petitioner had already been convicted on August 3, 2012, of robbery with a dangerous weapon in Lincoln County and was sentenced to 75-99 months of imprisonment.[1] The trial court ordered Petitioner's sentence on the Gaston County robbery conviction to run concurrently with the sentence on the Lincoln County robbery conviction. See (Doc. No. 6-3 at 3).

---

[1] Petitioner asserts that, as of the time he filed his § 2254 petition, his appeal from the Lincoln County conviction was pending. See (Doc. No. 1-1 at 4).

1

On June 13, 2013, Petitioner filed in Gaston County Superior Court a pro se motion for appropriate relief ("MAR") and a motion for preparation of a stenographic transcript. (Doc. Nos. 6-5; 6-6). On July 16, 2013, the MAR Court summarily denied the MAR on the merits, as well as the motion for preparation of a stenographic transcript. (Doc. Nos. 6-7; 6-8). On August 12, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 6-9). On August 19, 2013, the state filed a response. (Doc. No. 6-10). On August 21, 2013, certiorari was denied. (Doc. No. 6-11). Petitioner placed his petition in the prison system for mailing on December 19, 2013, and it was stamp-filed in this Court on December 27, 2013. On January 14, 2014, Petitioner filed another pro se certiorari petition in the North Carolina Court of Appeals, this time seeking a belated direct appeal. (Doc. No. 6-12). On January 22, 2014, the state filed a response. (Doc. No. 6-13). On January 24, 2014, certiorari was again denied. (Doc. No. 6-14).

Finally, Petitioner has attached to his response to the summary judgment motion an order dated January 13, 2014, in which the Gaston County Superior Court granted an MAR filed by Petitioner on October 8, 2013. (Doc. No. 8 at 14). In the MAR, Petitioner had argued, among other things that, on the day he was arrested for the Gaston County bank robbery, he was in custody for the bank robbery in Lincoln County, and that he should have received credit for time served as to one of the robberies. See (Doc. No. 6-5 at 15-16). The MAR Court granted the MAR in part, stating that "the Motion does set forth probable grounds for the relief requested, in that the record reflects Defendant/Petitioner is in essence serving more than one sentence for the same crime, which occurred in two counties." The MAR Court noted that the prosecutor had consented to relief on the MAR, and the MAR Court stated that Petitioner "shall receive 479 days of jail credit for the Gaston County case only." (Doc. No. 8 at 14).

Respondent filed the pending summary judgment motion in this action on April 14, 2014. (Doc. No. 5). On April 15, 2014, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 7). On April 28, 2014, Petitioner submitted a Reply to the summary judgment motion. (Doc. No. 8). Petitioner contends in the petition that: (1) his conviction was obtained in violation of due process; (2) his guilty plea is invalid as a matter of law in violation of his Fifth, Sixth, and Fourteenth Amendment rights; (3) at sentencing, the prosecution breached an oral plea agreement in violation of his Fifth, Sixth, and Fourteenth Amendment rights; and (4) he received ineffective assistance of counsel.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011)

4

(quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

### III. DISCUSSION

**A. Petitioner's First Ground for Relief**

In Petitioner's first ground for relief, he contends that his conviction was obtained in violation of due process. To support this contention, Petitioner asserts that the trial court never explained the elements of the offense of robbery with a dangerous weapon to him and that counsel never discussed possible defenses with Petitioner. Petitioner contends that he would not have pled guilty if counsel had discussed possible defenses with him. Petitioner's assertions are belied by his transcript of plea. (Doc. No. 6-2). There, Petitioner swore under oath in open court that he could hear and understand the trial court; that he had discussed his case with his lawyer, who explained the nature of the charge and elements of the offense to him, as well as possible defenses; that he was satisfied with his lawyer's legal services; and that he was, in fact, guilty of robbery with a dangerous weapon. (Id. at 2-3).

Petitioner further swore that he had been advised that the maximum sentence carried by his offense was 201 months, that there was no plea agreement with the government, and that sentencing was left to the discretion of the judge. (Id.). Petitioner swore that no one promised

5

him anything or threatened him in any way to cause him to enter his plea against his wishes. (Id.). Petitioner also swore that he entered his plea freely, understanding what he was doing. (Id.). Absent compelling circumstances not shown here, Petitioner is bound by his solemn in-court representations during the plea colloquy. See Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984). Also, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which he pled guilty. (Doc No. 6-2). The prosecutor also certified that the terms and conditions of the plea were correct. (Id.). As the Supreme Court held in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), "representations of the defendant, his lawyer, and the prosecutor at such a [guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in subsequent collateral proceedings." Petitioner's own conclusory statements contained in his pro se federal habeas petition and any attached documents are insufficient to breach the formidable barrier of Blackledge. See also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

In addition, Petitioner's knowing, voluntary, and counseled guilty plea is itself constitutionally sufficient to prove every essential element of each charge, and leaves nothing remaining but sentencing. See Boykin v. Alabama, 395 U.S. 238 (1969) (requirements for valid guilty plea). Also, the trial court specifically found as a fact that there was a factual basis for the entry of the plea, that Petitioner was satisfied with his lawyer's legal services, that he was competent to stand trial, and the plea was an informed choice made freely, voluntarily, and

6

understandingly. (Doc. No. 6-2 at 4). The trial court's findings in accepting the plea are supported by Petitioner's responses during the plea colloquy and are presumed correct on federal habeas review.[2] (Id.). See 28 U.S.C. § 2254(e)(1). Petitioner has the burden to rebut these findings by "clear and convincing evidence," which he has not and cannot do here. See § 2254(e)(1).

Next, to the extent Petitioner is implicitly or explicitly raising an ineffective assistance of counsel claim regarding counsel's representation and advice about the guilty plea and sentence, it is without merit. To establish ineffective assistance of counsel in the guilty plea context, Petitioner must show a professional dereliction and a reasonable probability that an objectively reasonable person in his shoes would not have pled guilty and would have insisted on going to trial, absent the alleged dereliction. See Hill v. Lockhart, 474 U.S. 52 (1985) (applying familiar two-part test of Strickland v. Washington, 466 U.S. 668 (1984) to ineffectiveness claims raised in guilty plea context). Petitioner has not and cannot meet his burden. Petitioner's ineffectiveness assertions are unsupported and conclusory, and he has shown no deficiency or prejudice resulting from counsel's representation and advice regarding the guilty plea or sentence. Nickerson v. Lee, 971 F.2d at 1136.

Furthermore, Petitioner raised the substance of his claim in his MAR, and the MAR Court summarily denied the claim on the merits. (Doc. Nos. 6-5; 6-7). For the same reasons and authorities set forth above, the MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S.

---

[2] The presumption of correctness applies to the findings contained in the printed transcript of plea form, even without a stenographic transcript of the plea proceeding. See Parke v. Raley, 506 U.S. 20, 30-31 (1992) (judgment and guilty plea forms sufficient to obtain presumption of correctness).

Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In sum, Petitioner's first ground for relief is denied.

**B. Petitioner's Second Ground for Relief**

In his second ground for relief, Petitioner contends that his guilty plea is invalid as a matter of law in violation of his Fifth, Sixth, and Fourteenth Amendment rights. To support this contention, Petitioner asserts that he agreed to plead guilty on the "understanding" that the prosecutor would not assess points for the August 3, 2012, armed robbery conviction from Lincoln County that was on direct appeal when he pled guilty to the Gaston County armed robbery conviction he challenges here; that he would be sentenced at prior record level II with 6-9 points; and that his sentence would be run concurrent to a prior judgment. Petitioner also contends that his prior record level points were incorrectly determined. Specifically, Petitioner contends that the assignment of points for two, prior impaired driving convictions under amendments to the North Carolina Structured Sentencing Act constituted an ex post facto violation. Finally, Petitioner also argues the trial court erred in classifying a prior federal conviction for bank robbery as a Class D felony when it should have been classified as a Class G felony. (Id.). Petitioner raised the substance of his second ground for relief in his MAR, and the MAR Court summarily denied the MAR on the merits. (Doc. No. 6-5; 6-7). For the following reasons, the MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

First, to the extent that Petitioner is attempting to raise a claim for an error in state law in

8

sentencing, this claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62 (1991). Next, Petitioner's contentions regarding an alleged informal, oral agreement with the prosecutor regarding what the prosecutor promised in exchange for Petitioner's guilty plea are conclusory, unsupported, and contradicted by Petitioner's own statements in his plea colloquy. Additionally, Petitioner's ex post facto argument regarding the assignment of points for his prior impaired driving convictions is without merit. The Ex Post Facto Clause of the U.S. Constitution bars the government from retroactively increase[ing] the punishment for criminal acts." California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995); U.S. CONST., art. I, § 9, cl. 3. Under the North Carolina Structured Sentencing Act, as amended effective December 1, 1997, each prior conviction for driving while impaired is assigned one prior record point.[3] N.C. GEN. STAT. § 15A-1340.14(b)(5). Petitioner argues that applying the amendment retroactively to assign points to his prior record level for two, pre-1997 impaired driving convictions constitutes an ex post facto law and is therefore unconstitutional. Petitioner's contention is without merit. Because Petitioner was being sentenced for an offense that occurred in 2011, the trial court did not violate the ex post facto prohibition by assigning points to his two, pre-1997 impaired driving convictions. Because the prior record provisions serve only to enhance the punishment for present offenses and not to punish a defendant for prior convictions, they are not ex post facto

---

[3] Under North Carolina law, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions[.]" N.C. GEN. STAT. § 15A-1340.14(a) (2011). In addition, a prior felony conviction in North Carolina superior court, such as Petitioner's armed robbery conviction from Lincoln County, counts toward a defendant's prior record level points even if it is pending on appeal. See N.C. GEN. STAT. § 15A-1340.11(7)(b) (2011). For each prior misdemeanor conviction, including impaired driving under N.C. GEN. STAT. § 20-138.1, one point is assigned. See id. § 15A-1340.14(b)(5). "[T]he classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed." Id. § 15A-1340.14(c).

9

laws.  See Gryger v. Burke, 334 U.S. 728, 732 (1948) (prior convictions used to enhance a sentence are a "stiffened penalty for the [petitioner's] latest crime").  The U.S. Supreme Court has consistently upheld the constitutional validity of enhanced sentences based on recidivism against ex post facto, due process, equal protection, and double jeopardy challenges.  See e.g., Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld; the gross disproportionality principle under Eighth Amendment reserved only for extraordinary cases); Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment); Spencer v. Texas, 385 U.S. 554, 560 (1967) (citing cases).

Finally, as to Petitioner's contention that the federal bank robbery should have been classified as a Class G felony, classifying the bank robbery as a Class G felony instead of a Class D felony would subtract two points, but would not change his prior record level.[4]  Id.  See N.C. GEN. STAT. § 15A-1340.14(b) and (c) (2011) (Level V offender has at least 14 but not more than 17 points).  Thus, any possible error was harmless.

In sum, Petitioner's second ground for relief is denied.

**C.  Petitioner's Third and Fourth Grounds for Relief**

In his third ground for relief, Petitioner contends that that the state violated the oral plea agreement in violation of his Fifth, Sixth, and Fourteenth Amendment rights.  In his fourth ground for relief, Petitioner contends that he was denied effective assistance of counsel based on

---

[4] Under North Carolina law, an error in assignment of points that does not change the prior record level determination is, at worst, harmless error.  See State v. Allah, 168 N.C. App. 190, 195-96, 607 S.E.2d 311, 315, disc. review denied, 359 N.C. 636, 618 S.E.2d 232 (2005).

counsel's alleged failure to investigate the facts surrounding Petitioner's conviction, such as Petitioner's contention that there was not sufficient evidence that Petitioner was armed when he committed the robbery; counsel's alleged failure to discuss possible defenses with Petitioner; counsel's failure to discuss the elements of the charge with Petitioner; counsel's alleged failure to object to the prosecution's alleged breach of an oral agreement that Petitioner would be sentenced as a Level III rather than a Level V offender. Both Petitioner's third and fourth grounds for relief are a re-phrasing or combination of both of his first and second grounds for relief. Therefore, Petitioner's third and fourth grounds for relief are denied for the same reasons his first and second ground for relief are denied.

In sum, Petitioner's third and fourth grounds for relief are denied.

## IV.     CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 5), is **GRANTED** and the § 2254 petition is **DISMISSED** with prejudice.

2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 30, 2014

Frank D. Whitney  
Chief United States District Judge